KAISER-FRAZER SALES CORPORATION, Respondent, v. HAROLD HERMAN et al., Individually and as Joint Adventurers or Copartners Doing Business under the Name of URBAN PROPERTY COMPANY, Appellants.— Orders affirmed, with $20 costs and disbursements to respondent. No opinion. Present — Dore, J. P., Cohn, Callahan, Van Voorhis and Shientag, JJ.; Shientag, J., dissents and votes to reverse with leave to amend on the ground that the causes of action alleged in the complaint are insufficient on their face. [See *post*, p. 823.]

In the Matter of the Arbitration between NEWSPAPER AND MAIL DELIVERERS' UNION OF NEW YORK AND VICINITY, Respondent, and NEWARK NEWSDEALERS SUPPLY COMPANY, INC., Appellant.— Order unanimously affirmed, with $20 costs and disbursements. No opinion. Present — Peck, P. J., Cohn, Callahan, Shientag and McCurn, JJ. [See *post*, p. 926.]

## (April 24, 1951.)

JOSEPH H. MULLIGAN, Doing Business under the Name of NEW ENGLAND CHEMICAL & PAINT COMPANY, Respondent, *v.* CHARLES HARDY, INC., Appellant.

*Per Curiam.* The contract for the sale of sodium sulphide at a price of $3.45 per hundred pounds contemplated immediate delivery. Plaintiff resold the entire order to its customer Manufacturers Chemical Company, and stood to make a profit of approximately $120 on the transaction. Shortly after the agreement was entered into, plaintiff was put on notice that the seller might not be able to perform its obligations under the contract. From the correspondence between the parties it appears that plaintiff continued to extend the time for delivery, although he knew or should have known that defendant had repudiated the June, 1946, contract and had no intention of making delivery at the contract price of $3.45. In those circumstances and with knowledge of rising prices and the growing scarcity of the product, plaintiff refused to accept defendant's offer of $5.50 per hundred pounds, while at the same time he was purchasing sodium sulphide in the open market to supply the needs of his other customers.

On this record the recovery should not have exceeded $2,296, which is the difference between the contract price $3.45 and the price of $5.50. The verdict of $7,336 indicates a finding by the jury that the contract had been repudiated at a time when the market price was $10 per hundred pounds. That verdict, based upon such a finding, is contrary to the weight of the evidence and as a consequence, the judgment appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event, unless plaintiff stipulates to reduce the amount of the verdict to $2,296, in which event the judgment, as so modified, should be affirmed, without costs. Settle order on notice.

Peck, J. P., Glennon, Cohn, Callahan and Shientag, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event, unless plaintiff stipulates to reduce the judgment to $2,296, in which event the judgment, as so modified, is affirmed, without costs. Settle order on notice. [See *post*, p. 823.]